UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MARY ANN CASTRO, | § | No. SA:15–CV–925–DAE |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| SN SERVICING CORPORATION, | § | |
| | § | |
| Defendant. | § | |

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

Before the Court is Defendant SN Servicing Corporation's ("SNSC")

Motion to dismiss Case as Frivolous.  (Dkt. # 20.)  Pursuant to Local Rule CV-

7(h), the Court finds these matters suitable for disposition without a hearing.  After

reviewing the Motion and the memoranda in support and opposition, the court

**GRANTS** Defendant's Motion to Dismiss.  (Dkt. # 20.)

BACKGROUND

On March 7, 2006, Plaintiff Maryann Castro and her ex-husband

Manuel Castro purchased a home located at 1501 Olive Street, Jourdanton, Texas,

78026 ("the Property").  (Dkt. # 1, Ex. 1 at 46.)  Pursuant to this purchase, Plaintiff

executed an Adjustable Rate note for $191,250.00, obligating her to make monthly

payments of $1,396.67.  (Dkt. # 10, Ex. 1.)[1]   On the same day, Plaintiff entered

into a Deed of Trust granting Wells Fargo Bank, N.A. a security interest in the

Property; this deed of trust was recorded in the public records of Atascosa County,

Texas, on March 7, 2006.  (Dkt. # 10, Ex. 2.)

On October 9, 2014, Plaintiff received a letter informing her that she

had missed thirty-five payments on her mortgage, and that she owed $66,367.76 in

delinquent mortgage payments in addition to $7,599.26 in late charges and other

fees.  ("3d Am. Compl.," Dkt. # 18, Ex. A, at 1.)  The letter informed Plaintiff that

if her delinquent payments of $73,967.02 were not received by November 13,

2014, the mortgage would be accelerated and her home would be subject to a

foreclosure proceeding.  (Id.)  According to Plaintiff, she paid more than $13,000

to a mortgage servicer at some point, but these funds were not applied to her

mortgage.  (3d Am. Compl. at 2.)

On July 23, 2015, Plaintiff filed a petition against SNSC, her

mortgage servicer, in the 81st Judicial District Court of Atascosa County, Texas,

---

[1] The court may consider the documents related to Plaintiff's mortgage and
subsequent foreclosure without converting the motion into one for summary
judgement, where these documents are both central to her complaints and
referenced in her live complaint.  See In re Katrina Canal Breaches Litig., 495 F.3d
191, 205 (5th Cir. 2007); Hurd v. BAC Home Loans Serv., LP, 880 F. Supp. 2d
747, 758 (N.D. Tex. 2012) (finding that court could consider documents related to
the foreclosure proceeding without converting the motion to dismiss into a motion
for summary judgment, where the documents were "referred to in the plaintiff's
complaint and are central to her claim" (quoting Collins v. Morgan Stanley Dean
Witter, 224 F.3d 496, 499 (5th Cir. 2000)).

alleging claims for breach of contract and fraud. Castro v. SN Servicing Corp.,
5:15–cv–715–DAE, at 2 (W.D. Tex. Sept. 25, 2015); (Dkt. # 3). The case was
removed to this Court; on August 31, 2015, this Court denied Plaintiff's motion for
a Temporary Restraining Order to prevent a scheduled foreclosure sale. Castro,
5:15–cv–715–DAE (Aug. 31, 2015). Defendant SNSC foreclosed on Plaintiff's
home on September 1, 2015. (3d Am. Compl. at 2.) On September 25, 2015, this
Court dismissed Plaintiff's breach of contract claim with prejudice, and her fraud
claim without prejudice. Castro, 5:15–cv–715, at 9 (Sept. 25, 2015).

        On September 28, 2015, Plaintiff again brought suit against SNSC in
the 81st Judicial District of Atascosa County. (Dkt. # 1, Ex. A at 5–8.) On
October 6, 2015, Plaintiff filed a First Amended Complaint (Dkt. # 1, Ex. A at 27–
30), and on October 9, 2015, she filed a Second Amended Complaint (Dkt. # 1, Ex.
A at 49–52). On October 26, 2015, SNSC timely removed the case to this Court,
invoking diversity jurisdiction. (Dkt. # 1.) Plaintiff filed a Third Amended
Complaint on January 19, 2016.[2] (3d Am. Compl.) Liberally construed,[3] the

_____

[2] Plaintiff's original complaint alleged causes of action for grand theft and false
filings (Dkt. # 1, Ex. A at 5–8); her First Amended Complaint alleged violations of
the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et. seq., ("FDCPA") and
accuses SNSC's attorney of civil conspiracy (Dkt. # 1, Ex. A at 27–30). These
claims are not pursued in Plaintiff's Third Amended Complaint, and the Court will
not address them here.

[3] Courts must liberally construe the filings of pro se litigants. Haines v. Kerner,
404 U.S. 519, 520–21 (1972); Winland v. Quarternamn, 578 F.3d 314, 316 (5th

3

complaint raises causes of action against SNSC for wrongful foreclosure, fraud, and failure to enter into a loan modification agreement; Plaintiff seeks to vacate the foreclosure sale and reinstate her mortgage, and further seeks damages for a defective foreclosure.[4]  (3d Am. Compl. at 2–3.)  Defendant filed the instant Motion to Dismiss on February 11, 2016.  (Dkt. # 20.)  On February 23, 2016, Plaintiff filed a response.  (Dkt. # 21.)  On February 29, 2016, Plaintiff filed a Sur-Reply, without seeking leave of Court to do so. (Dkt. # 23.)

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted."  Review is limited to the contents of the complaint and matters properly subject to judicial notice.  See Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007).  In analyzing a motion to dismiss for failure to state a claim, "[t]he court

---

Cir. 2009) (noting the "well-established precedent requiring that [the court] construe pro se briefs liberally").  Accordingly, courts hold pro se complaints to "less stringent standards than formal pleadings drafted by lawyers."  Hale v. King, 642 F.3d 492, 499 (5th Cir. 2011) (quoting Calhoun v. Hargrove, 312 F.3d 730, 733 (5th Cir. 2002)).

[4] The third Amended complaint asserts that it is brought on behalf of Plaintiff's ex-husband, Manuel Castro.  (3d Am. Compl. at 1.)  Plaintiff is proceeding pro se and does not have a law license; accordingly, she may not represent other parties in federal court and is not permitted to make pleadings on Mr. Castro's behalf or otherwise represent him in this or any other suit.  28 U.S.C. § 1654; Weber v. Garza, 570 F.2d 511, 514 (5th Cir. 1978); see also Guajardo v. Luna, 432 F.2d 1324, 1324 (5th Cir. 1970) (holding that an individual who is not admitted to practice law is "not authorized to appear in any court to represent a third party").

accept[s] 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" <u>In re Katrina</u>, 495 F.3d at 205 (quoting <u>Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit</u>, 369 F.3d 464, 467 (5th Cir. 2004)).

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009).

<u>ANALYSIS</u>

At the outset, the Court notes that Plaintiff's Third Amended Complaint does not list specific causes of action, and states very few facts. SNSC's Motion to Dismiss argues that Plaintiff's Third Amended Complaint brings a claim for fraud; the Court has determined that the Third Amended Complaint attempts to state claims for wrongful foreclosure and failure to enter into a loan modification agreement.  The Court addresses each claim below.

I.  <u>Wrongful Foreclosure</u>

Plaintiff states throughout her Third Amended Complaint that SNSC falsely and wrongfully foreclosed upon her home.  (3d Am. Compl. at 2–3.)  The Court construes this as a claim for wrongful foreclosure, and accordingly addresses

whether Plaintiff has stated a wrongful foreclosure claim upon which relief can be granted.

"The elements of a wrongful foreclosure claim are (1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the defect and the grossly inadequate selling price." Collins v. Bayview Loan Serv., LLC, 416 S.W.3d 682, 687, n.7 (Tex. App. 2013) (quoting Anderson v. Baxter, Schwartz & Shapiro, LLP, No. 14–11–021–CV, 2012 WL 50622, at *3 (Tex. App. 2012)).  A plaintiff fails to state a cause of action for wrongful foreclosure where she merely "show[s] a defect in the foreclosure process; it is also necessary that there be an inadequate selling price resulting from the defect."  Biggers v. BAC Home Loans Serv., LP, 767 F. Supp. 2d 725, 729 (N.D. Tex. 2011).

Here, while Plaintiff loosely alleges that her home was wrongfully foreclosed upon, she does not state that the selling price of her home was inadequate.  Accordingly, Plaintiff has failed to state a claim for wrongful foreclosure upon which relief can be granted, and this claim is **DISMISSED WITH PREJUDICE**.

II. Fraud

Plaintiff asserts that SNSC was in possession of a defective note at the time it foreclosed upon her home, because she was issued a fixed-rate home

6

mortgage and SNSC possessed an "inequitable" and "defective" note at the time the September 1, 2015 foreclosure sale occurred.  (3d Am. Compl. at 2.)  Plaintiff asserts that this conduct amounted to mortgage fraud, voiding the foreclosure sale. (Id.)

Under the Federal Rules of Civil Procedure, a plaintiff "alleging fraud or mistake . . . must state with particularity the circumstances constituting fraud or mistake.  Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."  Fed. R. Civ. P. 9(b).  "A dismissal for failure to state fraud with particularity as required by Rule 9(b) is a dismissal on the pleadings for failure to state a claim."  Shushany v. Allwaste, Inc., 992 F.2d 517, 520 (5th Cir. 1993).  This standard is "higher, or more strict" than the "basic notice pleading required by Rule 8."  Id. at 521.  "At a minimum, Rule 9(b) requires allegations of the particulars of 'time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby.'"  Tel-Phonic Servs., Inc. v. TBS Int'l, Inc., 975 F.2d 1134, 1139 (5th Cir. 1992) (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1297, at 590 (1990)).  Under Texas law, a plaintiff must specifically make the following showings to state a claim for fraud:

> (1) a material representation was made; (2) it was false when made; (3) the speaker either knew it was false, or made it without knowledge of its truth; (4) the speaker made it with the intent that it should be

acted upon; (5) the party acted in reliance; and (6) the party was injured as a result.

Florine On Call, Ltd. V. Fluorogas Ltd., 380 F.3d 849, 858 (5th Cir. 2004)

(quoting Coffel v. Stryker Corp., 284 F.3d 625, 631 (5th Cir. 2002)).

Plaintiff appears to argue that SNSC materially misrepresented to an unknown party that the mortgage was an adjustable-rate mortgage when it was actually a fixed-rate mortgage at the time of the September 1, 2015 foreclosure sale.  (3d Am. Compl. at 2.)  Construing the facts in the light most favorable to the Plaintiff, the Court assumes that SNSC made this representation at the foreclosure sale and that the information was indeed false, satisfying the first two elements required to state a cause of action in fraud.  However, even if SNSC knowingly represented to another party that Plaintiff had an adjustable-rate mortgage rather than a fixed-rate mortgage—which Plaintiff does not actually allege occurred—Plaintiff fails to state that any party materially relied upon the representation in any way, or that any party suffered injury as a result of such reliance.  In fact, Plaintiff fails to allege a single fact connecting the September 1, 2015 foreclosure sale to any misrepresentation about the character of her mortgage.[5]  Accordingly, Plaintiff fails to satisfy the Rule 9(b) pleading requirements to state a claim for fraud, and

---

[5] To the extent Plaintiff wishes to argue that the foreclosure sale was fraudulent for any other reason, the Court notes that Plaintiff does not allege she paid the $73,967.02 she owed on her mortgage as of October 9, 2014.

Defendant's motion to dismiss any claim based upon fraud is **GRANTED.**  (Dkt. # 20.)  This claim is **DISMISSED WITH PREJUDICE**.

III. Failure to Enter into Loan Modification Agreement

Plaintiff's Third Amended Complaint states that SNSC "DID NOT ACCEPT [her] OFFER," which this Court broadly construes as a claim for failure to enter into a loan modification agreement.  (3d Am. Compl. at 2.)  Absent a provision in the Deed of Trust, Texas "courts consistently do not recognize a right to a loan modification." Wilkinson v. Wells Fargo Bank, N.A., No. A-15-CV-249-SS, 2015 WL 2250091, at *5 (W.D. Tex. May 11, 2015); Wright v. Wells Fargo Bank, N.A., No. A-12-CV-753-LY, 2013 WL 7212006, at *11 (W.D. Tex. Sept. 27, 2013) ("Texas law do[es] not require" the mortgagee or substitute trustee to "provide [mortgagor] with a list of cure options," nor does it provide "the right to any loan modification" (quoting Cruz v. CitiMortgage, Inc., No. 3:11-CV-2871-L, 2012 WL 1836095, at *6 (N.D. Tex. May 21, 2012) (internal quotation marks omitted))).  Here, the Deed of Trust does not require the lender to modify the loan agreement.  (Dkt. # 10, Ex. 2.)  Accordingly, Plaintiff fails to state a claim upon which relief can be granted as to SNSC's failure to enter into a loan modification agreement.  This claim is **DISMISSED WITH PREJUDICE**.

IV. <u>Request for Sanctions</u>

      Defendant requests that the Court impose sanctions against Plaintiff, because the instant case is her third case filed in this matter.  (Dkt. # 20 ¶ 19.) Defendant did not provide any further briefing for this request, nor did it cite any legal authority supporting an award of sanctions.  Accordingly, SNSC's motion for sanctions is **DENIED** (Dkt # 20 ¶ 19).  However, should the Plaintiff attempt to file another complaint in this matter, she may well be subject to sanctions.

CONCLUSION

      For the reasons stated above, Plaintiff's Third Amended Complaint fails to state any legally cognizable claim upon which relief can be granted, and SNSC's Motion to Dismiss Case as Frivolous is **GRANTED** (Dkt. # 20). Plaintiff's claims are **DISMISSED WITH PREJUDICE** against refiling of the same.  All pending motions are hereby **DENIED AS MOOT**.

      **IT IS SO ORDERED.**

      **DATED:** San Antonio, Texas, May 4, 2016.

_____
David Alan Ezra
Senior United States Distict Judge

10