UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MARYANN CASTRO, | § | No. SA:15–CV–925–DAE |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| SN SERVICING CORPORATION, | § | |
| | § | |
| Defendant. | § | |

ORDER: (1) DENYING PETITON FOR NEW TRIAL; AND
(2) DECLARING MARYANN CASTRO A VEXATIOUS LITIGANT

Before the Court is Plaintiff Maryann Castro's Petition for a New Trial.  (Dkt. # 44.)  Defendant SN Loan Servicing ("SNSC") did not file a response.  Pursuant to Local Rule CV-7(h), the Court finds this matter suitable for disposition without a hearing.  After reviewing the Motion, the Court finds that it should be **DENIED** for the reasons stated below.  (Dkt. # 44.)

BACKGROUND

The instant motion involves a lawsuit Plaintiff filed against SNSC challenging the foreclosure on her home.  ("Third Am. Compl," Dkt. # 18.)  Plaintiff's suit sought to reinstate her mortgage, and alleged causes of action for wrongful foreclosure, fraud, and failure to enter into a loan modification agreement.  (Id.)  On May 4, 2016, this Court granted SNSC's Motion to Dismiss Case as Frivolous (Dkt. # 20) after finding that Plaintiff's Third Amended

1

Complaint failed to state any claim upon which relief could be granted.[1] (Dkt. # 44.)

## LEGAL STANDARD

The instant motion, which was filed 14 days after the entry of final judgment, requests a new trial. (Dkt. # 44.) Plaintiff's case was dismissed on the pleadings alone and no trial occurred; accordingly, the Court construes the motion as a Rule 59(e) motion to alter or amend a judgment.[2] See Fed. R. Civ. P. 59(e); Demahy v. Schwarz Pharma, Inc., 702 F.3d 177, 182 n.2 (5th Cir. 2012) ("A motion asking the court to reconsider a prior ruling is evaluated . . . under Rule 59(e) . . . [when] filed within twenty-eight days after the entry of judgment.").

"A Rule 59(e) motion calls into question the correctness of a judgment." Templet v. Hydrochem, Inc., 367 F.3d 473, 478 (5th Cir. 2004). "Under Rule 59(e), amending a judgment is appropriate (1) where there has been an intervening change in the controlling law; (2) where the movant presents newly

---

[1] This was Plaintiff's second attempt to challenge the foreclosure on her home. See Castro v. SN Servicing Corp., 5:15–cv–715–DAE (W.D. Tex. Sept. 25, 2015).

[2] Courts must liberally construe the filings of pro se litigants. Haines v. Kerner, 404 U.S. 519, 520–21 (1972); Winland v. Quarternamn, 578 F.3d 314, 316 (5th Cir. 2009) (noting the "well-established precedent requiring that [the court] construe pro se briefs liberally"). Accordingly, courts hold pro se complaints to "less stringent standards than formal pleadings drafted by lawyers." Hale v. King, 642 F.3d 492, 499 (5th Cir. 2011) (quoting Calhoun v. Hargrove, 312 F.3d 730, 733 (5th Cir. 2002)).

discovered evidence that was previously unavailable; or (3) to correct a manifest error of law or fact." Demahy, 702 F.3d at 182.  Rule 59(e), however, is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before entry of judgment," Templet, 367 F.3d at 478, and it "should not be used to . . . re-urge matters that have already been advanced by a party." Nationalist Movement v. Town of Jena, 321 F. App'x 359, 364 (5th Cir. 2009).  Reconsideration of a previous order is "an extraordinary remedy that should be used sparingly." Id.

## ANALYSIS

Plaintiff's Petition states that "the court dismissed [her] case with prejudice without a trial court hearing," and appears to challenge the final judgment on the basis that she was not afforded a hearing.  (Dkt. # 44.)  In the Western District of Texas, "[t]he allowance of an oral hearing is within the sole discretion of the court." W.D. Tex. Civ. R. 7(h).  Accordingly, Plaintiff was not entitled to a hearing on the Motion to Dismiss.  That the court dismissed her claims without a hearing is not grounds for altering or amending the final judgment in the case.  Further, Plaintiff has not shown that there were factual issues in the case requiring findings by a jury; to the extent Plaintiff may be stating that her right to a jury trial has been violated by the absence of a hearing, this is not grounds for reconsidering final judgment.  See Hasee v. Countrywide Home Loans, Inc., 748

3

F.3d 624, 631 n. 5 (5th Cir. 2014) ("Dismissal of [plaintiffs'] claims pursuant to a valid 12(b)(6) motion does not violate [plaintiffs'] right to a jury trial under the Seventh Amendment."); Sparkman v. Am. Bar Ass'n, 281 F.3d 1278 (5th Cir. 2001).

Further, Plaintiff has not presented the Court with an intervening change of controlling law or alleged existence of newly discovered evidence, nor has she identified a manifest error of law or fact in the Court's final judgment. See Demahy, 702 F.3d at 182. Accordingly, Plaintiff has not demonstrated that the grant of an "extraordinary remedy" pursuant to Rule 59(e) applies here.

CONCLUSION

For the reasons stated above, Plaintiff's Petition for a New Trial is **DENIED** (Dkt. # 44).

Ms. Castro has filed thirty-one motions, responses, notices, and affidavits in this case; the Court has evaluated each and determined that none has legal merit. Further, Ms. Castro has continued to file motions in a separate case dealing with the same matter, which was dismissed on September 25, 2015. See Castro v. SN Servicing Corp., 5:15–cv–715–DAE (W.D. Tex. Sept. 25, 2015). In that matter, Ms. Castro has filed at least twenty-seven motions, demands,

responses, and notices.³  The Court has evaluated each of these filings and determined that none advances any viable legal theory.

Courts should not "deter any litigant from advancing any claim or defense which is arguably supported by existing law, or any reasonably based suggestion for [the law's] extension, modification, or reversal." Farguson v. MBank Houston, N.A., 808 F.2d 358, 359 (5th Cir. 1986).  However, a Court has the authority to prohibit a litigant from filing where it is apparent that their "claims and defenses . . . fall outside of this broad umbrella" of permissible claims and are accordingly frivolous. Id.  At this point, Ms. Castro has filed at least fifty-eight motions, notices, responses, affidavits, and demands regarding the foreclosure of her home, in this Court alone; despite this Court's repeated findings that SNSC validly executed a foreclosure, Ms. Castro remains undeterred.

At this point, it is clear that Ms. Castro's "claims and defenses . . . fall outside of th[e] broad umbrella" of permissible claims and are accordingly frivolous. Farguson, 808 F.2d at 359.  Where a litigant repeatedly brings frivolous claims, "[t]he district court has the power under 28 U.S.C. § 1651(a) to enjoin litigants who are abusing the court system by harassing their opponents."

---

³ Plaintiff also brought suit against BSI Financial Service, Inc. and MBL Sub I, LLC, prior to the foreclosure of her home, challenging the possible foreclosure. See Castro v. BSI Fin. Servs., Inc. et al., No. 5:15-CV-037-FB (W.D. Tex. Jan. 16, 2015).  United States District Court Judge Fred Biery dismissed the matter on May 29, 2015. Id. (W.D. Tex. May 29, 2015).

Harrelson v. United States, 613 F.2d 114, 116 (5th Cir. 1980) ("A litigious plaintiff pressing a frivolous claim, though rarely succeeding on the merits, can be extremely costly to the defendant and can waste an inordinate amount of court time.") .

      Ms. Maryann Castro is hereby deemed a vexatious litigant due to her prolific and frivolous filings regarding a matter which has thrice been dismissed. Pursuant to this Court's power under 28 U.S.C. § 1651(a), the Clerk of Court is **DIRECTED** to not file any further pro se pleadings by Ms. Castro in this or any matter related to the foreclosure of the property located at 1501 Olive Street, Jourdanton, Texas, 78026, without first submitting the pleading to a United States District Court Judge or United States Magistrate Judge for review to determine whether the pleading is substantive in nature.

      **IT IS SO ORDERED.**

      **DATED:** San Antonio, Texas, June 22, 2016.

_____
David Alan Ezra
Senior United States Distict Judge