UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MARY ANN CASTRO, | § | No. SA:15–CV–925–DAE |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| SN SERVICING CORPORATION, | § | |
| | § | |
| Defendant. | § | |

ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS

Before the Court is a Motion to Proceed in Forma Pauperis on Appeal, filed by Plaintiff Maryann Castro.  (Dkt. # 48.)  Pursuant to Local Rule CV-7(h), the Court finds this matter suitable for disposition without a hearing.  After reviewing the motion, for the reasons that follow, the Court **DENIES** Plaintiff's Motion to Proceed in Forma Pauperis on Appeal (Dkt. # 48).

BACKGROUND

This lawsuit is the third Plaintiff has filed challenging the foreclosure of her home.[1]  ("3d Am. Compl.," Dkt. # 18.)  The instant suit against Defendant SN Servicing Corporation ("SNSC") sought to reinstate Plaintiff's mortgage, and alleged causes of action for wrongful foreclosure, fraud, and failure to enter into a loan modification agreement.  (Id.)  On May 4, 2016, this Court granted SNSC's

---

[1] See Castro v. BSI Fin. Servs., Inc., No. 5:15–cv–037–FB (Jan. 16, 2015); Castro v. SN Serv., No. 5:15–cv–715–DAE (Aug. 21, 2015).

Motion to Dismiss Case as Frivolous (Dkt. # 20) after finding that Plaintiff's Third Amended Complaint failed to state any claim upon which relief could be granted. (Dkt. # 41.)  On June 22, 2016, this Court denied Plaintiff's Motion for a New Trial and deemed Plaintiff, who has filed at least fifty-eight motions, notices, responses, affidavits, and demands regarding the foreclosure of her home in the cases before the undersigned, a vexatious litigant.  (Dkt. # 45.)

## LEGAL STANDARD

"[A] federal court may refuse to certify an appeal for in forma pauperis status if it is not taken in good faith."  Howard v. King, 707 F.2d 215, 219–20 (5th Cir. 1983); 28 U.S.C. § 1915(a)(3).  A party fails to demonstrate good faith where she seeks appellate review only of frivolous issues.  King, 707 F.2d at 220; Coppedge v. United States, 369 U.S. 438, 445 (1962).  The inquiry into an appellant's objective good faith is limited to whether the appeal involves "legal points arguable on their merits (and therefore not frivolous)."  King, 707 F.2d at 220 (quoting Anders v. Cal., 386 U.S. 738, 744 (1967)).  If a single non-frivolous issue exists, the Court must grant a motion to proceed in forma pauperis.  The existence of a single non-frivolous issue on appeal is sufficient for the Court to grant the motion to proceed in forma pauperis.  King, 707 F.2d at 220.

<u>DISCUSSION</u>

Here, the issues presented by Plaintiff have been reviewed and denied in three separate district court cases.  In the instant case, Plaintiff included documents with the complaint acknowledging that she owed $66,367.76 in delinquent mortgage payments and $7,599.26 in late fees as of October 2014.  (3d Am. Compl., Ex. A at 1.)  Plaintiff did not repay the owed money, and SNSC accelerated her loan and foreclosed on her home on September 1, 2015.  (<u>Id.</u> at 2.)

On May 4, 2016, the Court granted SNSC's Motion to Dismiss the instant case as frivolous, after finding that Plaintiff: (1) failed to state a claim for wrongful foreclosure, as she had not alleged that the selling price of her home was inadequate; (2) failed to state a claim for fraud under Federal Rule of Civil Procedure 9(b); and (3) failed to state a claim for failure to enter into a loan modification agreement, because the Deed of Trust does not obligate a lender to modify the loan.  (Dkt. # 41.)  Each claim was dismissed with prejudice.  The Court subsequently reviewed the final judgment pursuant to Plaintiff's motion, and concluded the case presented only frivolous issues.[2]

---

[2] This Court construed Ms. Castro's Motion for a New Trial (Dkt. # 44) as a Rule 59(e) motion to alter or amend a judgment, as no trial occurred in the case.  (Dkt. # 45.)

3

Put simply, Plaintiff defaulted on her mortgage, did not remedy her default, and has repeatedly and unsuccessfully turned to the Court seeking to remedy the perceived wrongs against her.

At this point, Plaintiff's legal arguments bear no possibility of further success and are frivolous.  Absent a non-frivolous claim, this Court cannot grant Plaintiff status to Proceed in Forma Pauperis on Appeal, and her motion is **DENIED** (Dkt. # 48).  <u>See</u> 28 U.S.C. § 1915(a)(3).

<u>CONCLUSION</u>

For the reasons stated above, the Court hereby **DENIES** Plaintiff's Motion to Proceed in Forma Pauperis on Appeal (Dkt. # 48).

**IT IS SO ORDERED.**

**DATED:** San Antonio, Texas, August 12, 2016.

_____

David Alan Ezra
Senior United States Distict Judge

4